UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-cv-01887 ) ) |
| ADDMI, INC., | ) ) |
| Defendant. | ) |

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
OR IN THE ALTERNATIVE TRANSFER VENUE TO DISTRICT OF NEW MEXICO**

COMES NOW Defendant AddMi, Inc. ("Defendant" or "AddMi"), by and through its undersigned counsel, and for its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, in the alternative to transfer venue to the District of New Mexico, states as follows:

### Introduction

Plaintiff Matt Auffenberg's ("Plaintiff") single-count Complaint against AddMi alleges breaches of certain convertible notes. AddMi is a Delaware corporation that operates exclusively from the State of New Mexico. AddMi has no offices, employees or operations in Illinois and transacts no business there. The convertible notes between AddMi and Plaintiff were negotiated, executed and to-be performed in New Mexico.

The Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction or, alternatively, transfer this action to the District Court of New Mexico where jurisdiction is not lacking.

### Factual Background

AddMi is a software company that specializes in point of sale systems, QR code-based ticketing and online ordering systems. Declaration of Andy Lim ("Lim Decl.") at ¶2. AddMi is

incorporated under the laws of State of Delaware. *Id.* at ¶3. AddMi's offices are located in New Mexico. *Id.* at ¶4. All of its employees and operations takes place in New Mexico. *Id.* at ¶5. AddMi has no offices or employees in Illinois. *Id.* at ¶¶6-7 . AddMi transacts no business in Illinois, either. *Id.* at ¶¶7-8.

In 2020, AddMi entered into certain convertible promissory notes with Plaintiff. *See* Complaint. The terms of each were negotiated in AddMi's offices in New Mexico. Lim Decl. at ¶¶9-12. The notes were executed in New Mexico as well. *Id.* at ¶13. Each of the notes are governed under Delaware law. *See* Complaint, Exhibits A-D.

The principal amount of each note was paid to AddMi via wire transfer directed to its bank in New Mexico. Lim Decl. at ¶14. No payments were made to AddMi in Illinois. *Id.* Under the note terms, AddMi's conversion and/or repayment of the note principal was to take place in New Mexico. *Id.* at ¶15.

AddMi now moves to dismiss the Complaint for lack of personal jurisdiction or, in the alternative, to transfer this case to the District Court of New Mexico.

**Legal Standard**

"When personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over a defendant." *McAdams v. Daedong Indus. Co. Ltd.*, 409 F. Supp. 3d 660, 663 (S.D. Ill. 2019). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction  the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "Any dispute concerning relevant facts is resolved in the plaintiff's favor." *Id.*

**Argument**

I.      **The Court Should Dismiss Plaintiff's Complaint For Lack of Personal Jurisdiction**

"A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003)   "Under Illinois law, a court has personal jurisdiction over a defendant if an Illinois statute grants personal jurisdiction and if the exercise of personal jurisdiction is permissible under the Illinois and United States constitutions." *McAdams v. Daedong Indus. Co. Ltd.*, 409 F. Supp. 3d 660, 663–64 (S.D. Ill. 2019).  On this front, the Seventh Circuit has previously acknowledged "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002).

Courts may exercise personal jurisdiction over a defendant only when doing so comports with due process. *Bristol Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779 (2017). As constrained by due process, personal jurisdiction comes in two shapes: general and specific. *Id.* at 1779–80. General (all-purpose) jurisdiction exists only when the defendant is "at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). Courts in states where a defendant is at home may hear any claims against that defendant. *Id.* at 138. Specific (case-linked) jurisdiction exists only when the plaintiff's specific claims "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers*, 137 S. Ct. at 1780. That is, for specific jurisdiction to exist, the defendant's own "suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

### A. This Court Lacks General Jurisdiction over AddMi

General jurisdiction exists only where the defendant is "at home." *Daimler*, 571 U.S. at 137–39. A corporation is not at home in every state in which it merely "engages in a substantial, continuous, and systematic course of business." *Id.* at 138. Rather, a corporation's "home" is limited to its "place of incorporation and its principal place of business." *Daimler*, 571 U.S. at 137–38 & n.19. "Those affiliations have the virtue of being unique ... [and] easily ascertainable." *Id.* at 137.

Plaintiff concedes in his Complaint that AddMi is a Delaware corporation and that its principal place of business is in New Mexico. Complaint at ¶2. Plaintiff does not allege AddMi is subject to the Court's general jurisdiction, and it is not. AddMi is not "at home" in the State of Illinois. Accordingly, the Court lacks general jurisdiction over AddMi.

### B. This Court Lacks Specific Jurisdiction over AddMi.

"The defendant's conduct and connection with the forum state must be substantial enough to make it reasonable for the defendant to anticipate that he could be haled into court there." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014). "[C]ontracting with an out-of-state party alone **cannot** establish automatically sufficient minimum contacts in the other party's home forum." *Id.* (emphasis added). "When specific jurisdiction arises out of a contract, a court must consider the parties' prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' in determining whether there were sufficient minimum contacts." *Wilson v. Liebel Holdings III, LLC*, 687 F. Supp. 2d 802, 806 (N.D. Ill. 2010). "When evaluating these factors, the district court may consider: (1) who initiated the transaction; (2) where the contract was entered into; (3) where the performance of the contract was to take place; and (4) where the contract was negotiated." *Id.; see also Bolger v. Nautica Int'l, Inc.*,

861 N.E.2d 666, 671 (Ill. App. Ct. 2007) ("a choice of law provision, although not by itself a sufficient basis to determine jurisdiction, is relevant") (cleaned up). These factors here make clear that personal jurisdiction is lacking.

All of the transactions alleged in the Complaint took place in New Mexico. The note terms were negotiated in New Mexico. Lim Decl. at ¶¶9-12. The notes were executed in New Mexico. *Id.* at ¶13. The principal amount of each note was paid in New Mexico. *Id.* at ¶13. Repayment or conversion of the note principal was to occur in New Mexico, too. *Id.* at ¶14. The only aspect of the transactions not wholly connected to New Mexico is the governing law of the note terms: Delaware. But this only further shows that entering into the notes did not subject AddMi to personal jurisdiction in Illinois.

The facts conclusively establish that subjecting AddMi to jurisdiction before this Court would not comport with due process. AddMi has no contacts with Illinois. It would not be reasonable for AddMi to anticipate that entering into the notes could cause it to be haled into court in the State of Illinois. Accordingly, this Court lacks special jurisdiction over AddMi and the Complaint should be dismissed.

**II.     Alternatively, the Court Should Transfer this Case to the District of New Mexico**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a). A court has the power to transfer a case to an appropriate venue pursuant to 28 U.S.C. § 1406(a), notwithstanding that it has no personal jurisdiction over the defendants. *See Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989) ("[P]ersonal jurisdiction over the defendant is not a prerequisite for district courts to utilize the transfer provision in § 1406(a).") (citations omitted). "Transfer is

ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is 'time consuming' and may be 'justice-defeating.'" *Goldlawr, Inc., v. Heiman*, 369 U.S. 463, 467 (1962). "Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it ... Transfer further avoids the 'time consuming and justice-defeating technicalities' required to refile a case in a proper venue." *Id.* at 467.

Here, at the very least, the Court should transfer this case to the District of New Mexico where personal jurisdiction is not lacking. That is where Defendant is located and where the notes at issue were negotiated, executed and to-be performed. In lieu of dismissal, the Court should transfer this case to the District of Mexico instead.

## Conclusion

Plaintiff's Complaint should be dismissed for lack of jurisdiction or, alternatively, be transferred to the District of New Mexico.

WHEREFORE Defendant AddMi, Inc. respectfully requests this Court grant this motion and enter an order dismissing Plaintiff's Complaint for lack of personal jurisdiction or, in the alternative, transferring this case to the District Court of New Mexico and for any additional further relief deemed to be fair and just.

Respectfully submitted,

**AMUNDSEN DAVIS LLC**

*/s/ Christopher O. Miller*
Christopher O. Miller, #6328765
120 South Central Ave., Suite 700
St. Louis, MO 63105
Tel: 314-719-3700
Fax: 314-719-3710
comiller@amundsendavislaw.con

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2023, the foregoing was filed electronically with the Missouri e-filing system which will send a notice of electronic filing to all counsel of record.

*/s/ Christopher O. Miller*
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG, )<br>)<br>Plaintiff, )<br>) Case No. 3:23-cv-01887<br>v. )<br>)<br>ADDMI, INC., )<br>)<br>Defendant. ) | |

## DECLARATION OF ANDY LIM

I, Andy Lim, declare under penalty of perjury that the foregoing is true and correct and based upon my personal knowledge:

1. I am the Chief Executive Officer (CEO) of AddMi, Inc. (hereinafter "AddMi"). I am submitting this declaration in support of AddMi's motion to dismiss and/or transfer.

2. AddMi is a software company that specializes in point of sale systems, QR code-based ticketing and online ordering systems.

3. AddMi was incorporated in the State of Delaware.

4. AddMi's offices are located at 7850 Jefferson St. NE, Ste. 220, Albuquerque, New Mexico 87109.

5. AddMi currently has approximately six (6) employees. All of them work in or near AddMi's offices in Albuquerque, New Mexico.

6. All of AddMi's business operations are located in New Mexico.

7. AddMi does not transact any business in Illinois and has no offices or employees in Illinois.

8. AddMi did not enter into any contracts or other transactions with the Plaintiff Matt Auffenberg in Illinois.

1

9. The convertible promissory notes attached to the Complaint filed by Mr. Auffenberg in this case were negotiated and executed in AddMi's offices in Albuquerque, New Mexico.

10. I negotiated and discussed the terms with Mr. Auffenberg over the phone from AddMi's offices.

11. I also emailed Mr. Auffenberg instructions for wiring the principal amount for each note to AddMi's bank in New Mexico.

12. None of my communications with Mr. Auffenberg occurred in Illinois.

13. The notes were executed in AddMi's offices in Albuquerque, New Mexico. They were not executed in Illinois.

14. The principal amount of each note was paid by Mr. Auffenberg to AddMi via wire transfer directed to AddMi's bank in New Mexico. None of Mr. Auffenberg's payments to AddMi occurred in Illinois.

15. In accordance with the terms of the notes, Addmi's conversion or repayment of the note amount was to take place in New Mexico.

16. AddMi does not consent to jurisdiction in Illinois. At no point did I believe that executing the notes on behalf of the company could cause AddMi to be haled into court in the State of Illinois.

Signed under penalty of perjury under 28 U.S.C. §1746 this 13th day of September, 2023.

_____
ANDY LIM