UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO.: 3:23-cv-1887 |
| | ) |
| AddMi, Inc., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff, by and through his undersigned counsel, and in support of Plaintiff's Response to Defendant's Motion to Dismiss, state as follows:

**I.  INTRODUCTION**

Plaintiffs originally filed this action on June 5, 2023.  Plaintiff Auffenberg seeks damages as a result of Defendant's breach of contract arising from an investment in Defendant corporation AddMi, Inc.

Defendant has filed a Motion to Dismiss based on a lack of personal jurisdiction.  Defendant has asserted it is not only not subject to general jurisdiction of this Court, but also not subject to specific jurisdiction for the actions alleged in the Complaint.  For the reasons below, Defendant is subject to the specific jurisdiction of this Court.

**II.  FACTS**

Defendant borrowed $1,325,000.00 from Plaintiff.  Those loans are memorialized in 4 Convertible Promissory Notes attached as Exhibits 1-4.  Plaintiff is, was and has

always been a resident of Illinois.  See Affidavit of Matt Auffenberg attached as Exhibit 5 at ¶2-3.

Defendant, through its agents, sought the loans from Plaintiff fully aware that he was a resident of Illinois.  See Exhibit 5 at ¶6-7.  This is confirmed by the former Chief Financial Officer of Defendant, Michael Board.  See Affidavit of Michael Board attached as Exhibit 6 at ¶6.  This was similar to the investment of James Auffenberg, Jr.  See Affidavit of James Auffenberg attached as Exhibit 7.  Defendant again sought investment from an Illinois resident and a Convertible Promissory Note was executed by an Illinois resident in Illinois.  See Exhibit 7.  All the while Defendant knew both James and Matt Auffenberg were residents of Illinois and were providing the loans from their bank accounts owned by those Illinois residents.  See Exhibit 6.

Interestingly, the only debt holders of the Defendant AddMi Inc. are Illinois residents, Matt Auffenberg and James Auffenberg, Jr.  See Exhibit 6.

So, essentially, Defendant borrowed money from an Illinois resident, breached the contract to repay the debt and now seems shocked at having to come to the Southern District of Illinois to answer for that breach.

**III.    ARGUMENT.**

"A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003) "Under

Illinois law, a court has personal jurisdiction over a defendant if an Illinois statute grants personal jurisdiction and if the exercise of personal jurisdiction is permissible under the Illinois and United States constitutions." McAdams v. Daedong Indus. Co. Ltd., 409 F. Supp. 3d 660, 663–64 (S.D. Ill. 2019). On this front, the Seventh Circuit has previously acknowledged "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 715 (7th Cir. 2002).

Illinois courts may assert specific personal jurisdiction over a nonresident defendant if (1) a specific statutory provision of the Illinois long-arm statute has been satisfied and (2) the due process requirements of the United States and Illinois Constitutions have been met.  *Russell v. SNFA*, 2013 IL 113909, ¶ 29, 987 N.E.2d 778, 370 Ill. Dec. 12.

> The Illinois long-arm statute provides in relevant part:
>
> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
> (7) The making or performance of any contract or promise substantially connected with this State;
> (10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired;
>
> * * *
>
> (c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.

735 ILCS 5/2-209 (West 2016).

Here, under section 2-209(a)(7) and (a)(10) of the Illinois long-arm statute, plaintiff has asserted jurisdiction over Defendant because Defendant borrowed money from an Illinois resident, entered into a contract for those loans with an Illinois resident who received and read those documents in Illinois and breached the contracts with the Illinois resident, Matt Auffenberg.  Defendant's contracts, the Convertible Promissory Notes, were executed in Illinois by an Illinois resident.  The purpose of the contacts were to acquire an asset, money, within Illinois as it was the property of an Illinois Plaintiff.  Defendant's contract and alleged breach was with an Illinois resident, in Illinois, designed to procure money from an Illinois resident in Illinois and, therefore, subject to Illinois's jurisdiction under the long-arm statute.  See 735 ILCS 5/2-209(a)(7) and (a)(10) (West 2016).

In a similar case, *Kalata v. Healy*, 312 Ill. App. 3d 761, 766 728 N.E.2d 648, 652-653, 245 Ill. Dec. 566 (1st Dist. 2000) the court found the existence of a contract and an exchange of funds between the parties, formed as a result of negotiations over the phone between a party residing in California and a party residing in Illinois, was sufficient to create a prima facie case that there existed a contract substantially connected to Illinois, thereby establishing personal jurisdiction under (a)(7).  This jurisdictional requirement is satisfied if there is evidence that "the defendant performs

an act or omission that causes an injury in Illinois and the plaintiff alleges the act was tortious in nature." *Kalata,* 312 Ill. App. 3d at 766; *IBM,* 281 Ill. App. 3d at 859.

In *Kalata,* the plaintiff, an Illinois resident filed a complaint containing a fraud claim against a California defendant. The complaint alleged that the defendant called the plaintiff from California and persuaded her to enter into a joint venture. The plan was for each party to contribute $100,000 to the joint venture which would be deposited into a joint California bank account. The defendant would then use the money to make various investments for the benefit of both parties. After multiple conversations and phone calls, the plaintiff agreed to the plan and deposited funds into the California bank account. The defendant subsequently sent the plaintiff various bank documents, but the plaintiff later learned that the defendant had withdrawn all of the funds and would not return money to the plaintiff despite her repeated demands to do so. The Court found that plaintiff's allegations established jurisdiction under the long-arm statute. In so finding, the *Kalata* Court observed: "Plaintiff alleged that defendant solicited and obtained money from plaintiff in a scheme designed to defraud her. Defendant made telephone calls to plaintiff in Illinois, mailed bank documents to plaintiff in Illinois, the money was sent from Illinois, and the injury suffered by plaintiff occurred in Illinois. Such allegations are sufficient to satisfy the jurisdictional requirements of section 2-209(a)(2)." *Kalata,* 312 Ill. App. 3d at 767.

That is the exact scenario we have alleged here.  Defendant solicited an investment from an Illinois resident, the promissory notes were signed by Plaintiff electronically in Illinois, and the injury resulting from the breach has damaged an Illinois resident.  So, the first prong is clearly implicated.

The second prong requires due process concerns to be met.  Three criteria are considered in determining whether federal due process requirements have been satisfied: (1) whether the nonresident defendant had "minimum contact" with the forum state such that there was "fair warning" that the nonresident defendant may be brought into a forum court, (2) whether the action arose out of or related to the defendant's contacts with the forum state, and (3) whether it is reasonable to require the defendant to litigate in the forum state. *Kalata v. Healy*, 312 Ill. App. 3d 761, 768-69, 728 N.E.2d 648, 245 Ill. Dec. 566 (2000).

1. Minimum Contacts

Under federal due process requirements, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).  A nonresident defendant must have fair warning that his activities may subject him to suit in the forum state.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85

L. Ed. 2d 528 (1985) (citing *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (Stevens, J., concurring)).  The requirements of minimum contacts and fair warning are satisfied if the defendant has "purposefully directed" his activities at an Illinois resident or "purposefully derived benefits from his interstate activities." *Kalata*, 312 Ill. App. 3d at 769.

Here, we must decide whether a nonresident sending e-mails, making calls and soliciting loans to an Illinois resident has sufficient contacts to be sued in an Illinois court.  Several federal courts have found that e-mails can meet the requirements of minimum contacts and fair warning.  See *Campbell v. Campbell*, 262 F. Supp. 3d 701 (N.D. Ill. 2017); *Strabala v. Zhang*, 318 F.R.D. 81 (N.D. Ill. 2016).

In this case, plaintiff has alleged that Defendants purposely directed their conduct in Illinois establishing sufficient minimum contacts to support personal jurisdiction over it.  Defendant solicited loans from an Illinois resident knowing the money was coming from an Illinois resident.  In fact, Defendant solicited money from both Plaintiff and his father James.  The only debt holders of the Defendant are residents of Illinois.  When the money was solicited, Defendant, through its agents knew Plaintiff was an Illinois resident.  See Exhibit 6 at ¶¶2-7.  Defendant obviously knew where plaintiff lived since his address appears on the Promissory Notes.  See Exhibits 1-4.

Because Defendant sought a loan from Illinois residents, Defendant could reasonably anticipate being sued in Illinois. Defendant's "contact with Illinois was not fortuitous and was entirely within her control." See *Campbell,* 262 F. Supp. 3d at 706.

Exercising personal jurisdiction over Defendant with regard to plaintiff's breach of contract claim does not offend traditional notions of fair play and substantial justice.

2. Cause of Action

Next, we must consider whether plaintiffs' cause of action arose out of Defendants' contacts with this state. "For specific jurisdiction to exist, the ligation must result from alleged injuries that arose out of or related to defendant's in-state activities." *M.M. v. GlaxoSmithKline LLC,* 2016 IL App (1st) 151909, ¶ 51, 406 Ill. Dec. 758, 61 N.E.3d 1026.

Plaintiff's complaint against Defendant alleges breach of contract for refusing to repay loans made by Plaintiff. Plaintiff alleges that his injuries arose out of and were directly related to this breach of contract. Accordingly, Defendant's contacts with Illinois give rise to plaintiff's cause of action, satisfying this requirement.

3. Reasonableness of Forum

Finally, we must consider whether it is reasonable for this Court to exercise personal jurisdiction over Defendants. To determine reasonableness, courts consider (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in obtaining relief; (4) the interest of the affected forums,

including the forum state, in the most efficient resolution of the dispute; and (5) the interest of the affected forums in advancing substantive social policies. *Soria v. Chrysler Can., Inc.*, 2011 IL App (2d) 101236, ¶ 36, 958 N.E.2d 285, 354 Ill. Dec. 542 (citing *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)). When a plaintiff has established that the defendant purposely directed his activities at the forum state, the defendant must present a compelling case that litigating the dispute there would be unreasonable. *Commerce Trust Co. v. Air 1st Aviation Cos.*, 366 Ill. App. 3d 135, 146, 851 N.E.2d 131, 303 Ill. Dec. 233 (2006). Compelling cases are limited to those rare situations where Illinois's interests in adjudicating the dispute are clearly outweighed by the burden of subjecting the defendant to litigation in Illinois. *Keller v. Henderson*, 359 Ill. App. 3d 605, 618, 834 N.E.2d 930, 296 Ill. Dec. 125 (2005).

"Illinois has a strong interest in providing a forum for its residents to vindicate harms from out-of-state actors." *Rusinowski*, 835 F. Supp. 2d at 655; see also *Tamburo*, 601 F.3d at 709 ("Illinois has a strong interest in providing a forum for its residents and local businesses to seek redress for tort injuries suffered within the state and inflicted by out-of-state actors."). In *Tamburo*, the court found it was reasonable for the plaintiff's suit against the nonresident defendants to proceed in Illinois, stating:

> Although Tamburo could have sued the individual defendants in their home jurisdictions, that would have been cumbersome and impractical; the American defendants live in separate states and Dworkin lives in Canada. Neither Canada nor any of the states where the American defendants live (Colorado, Michigan,

or Ohio) has a substantial interest at stake here. And it would be unreasonable to expect Tamburo to file separate lawsuits to give each defendant the privilege of defending this litigation in his or her home state when jurisdiction is otherwise proper in Illinois. Under these circumstances, it is far more reasonable to conclude that the defendants should anticipate being haled into court in Tamburo's home state of Illinois than a court in a codefendant's home jurisdiction. A single suit in Illinois also promotes the most efficient resolution of these claims.

*Tamburo*, 601 F.3d at 709-10.

Here, the plaintiff is an Illinois resident, seeking redress for injuries he allegedly suffered in this state as the result of a tort committed by out-of-state defendants.

Weighing the relevant factors, it is clear these factors favor Plaintiffs. First, having to litigate in Illinois is hardly a burden on Defendants.

Second, Illinois has a substantial interest in providing plaintiff, its citizen, with a convenient forum to litigate. See *Bombliss v. Cornelsen*, 355 Ill. App. 3d 1107, 1116, 824 N.E.2d 1175, 291 Ill. Dec. 925 (2005). There is no question that Illinois, the state where plaintiff lives and works, is the most convenient forum for him to bring his suit.

Third, the plaintiff has a strong interest in obtaining relief for the injuries Defendant allegedly caused in Illinois. Fourth, Illinois provides the most efficient forum for a resolution of plaintiff's claims. Although plaintiff could have sued each defendant in her or its home jurisdiction, Plaintiff should not be expected to file lawsuits in foreign jurisdictions solely for the convenience of defendants. Fifth, Illinois has a strong interest in advancing the substantive social policy of compensating victims for torts occurring in Illinois. *Soria*, 2011 IL App (2d) 101236, ¶ 37.

While the first factor might weigh slightly against Defendants being sued in Illinois, the remaining factors outweigh any inconvenience Defendants may experience by having to defend themselves in this jurisdiction.  Because Defendants purposely directed activities at Illinois, it is their burden to present a compelling case as to why litigating this action in Illinois would impose an undue burden on him. See *Commerce Trust Co.*, 366 Ill. App. 3d at 146.  They have failed to do so.

Because Defendants sought loans from an Illinois resident and is currently damaging that Illinois resident, there is no doubt the Illinois Long Arm Statute applies to obtain specific jurisdiction on Defendants.  Further, halting the Defendants into Illinois, based on those facts, satisfies both Federal and Illinois due process concerns.

For the reasons stated in the above section titled "Reasonableness of Forum" the alternative relief of transfer to New Mexico must be denied.

For those reasons, Defendants' Motion to Dismiss and/or Transfer Venue must be denied.

Respectfully Submitted,

/s/ Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
Kuehn, Beasley & Young, P.C.
23 S. First St.
Belleville, IL 62220
Phone:  618.277.7260
Fax:  618.277.7718
jarrodbeasley@kuehnlawfirm.com

CERTIFICATE OF SERVICE

I, the undersigned, on the 28th day of September 2023, emailed a copy of this document, addressed to:

Christopher O. Miller, #6328765
120 South Central Ave., Suite 700
St. Louis, MO 63105
Tel: 314-719-3700
Fax: 314-719-3710
comiller@amundsendavislaw.com

/s/Erin Kelley
Erin Kelley
Kuehn, Beasley & Young, P.C.