# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MATT AUFFENBERG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:23-cv-01887-GCS** |
| | ) | |
| **ADDMI, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM & ORDER</u>

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Currently before the Court is Defendant AddMi, Inc.'s motion to dismiss for lack of personal jurisdiction or in the alternative transfer venue to District of New Mexico. (Doc. 14). Plaintiff opposes the motion arguing that Defendant is subject to the specific jurisdiction of the Court. (Doc. 17). Based on reasons delineated below, the Court **DENIES** the motion.

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction, Plaintiff Matt Auffenberg, an Illinois resident, filed suit against AddMi, Inc. ("Defendant"), a Delaware Corporation, with its principal place of business in New Mexico, for breach of contract arising from a $1,325,000.00 investment with Defendant on June 5, 2023. (Doc. 7). From May 13, 2020, through February 2, 2023, Defendant, through four Convertible Promissory Notes, borrowed a total of $1,350,000.00 from Plaintiff. Despite multiple demands, Defendant has failed to pay on the indebtedness as to three of the notes and has violated the terms of the fourth note "by comingling funds, using corporate funds for his personal, family

or household use, rather than exclusively for the operations of its business." *Id.* at p. 4.

FACTS

Defendant is a software company that specializes in point of sale systems, QR code-based ticketing, and online ordering systems. (Doc. 14, p. 8). Defendant is a Delaware corporation, with its principal place of business in New Mexico. All of Defendant's employees work in Albuquerque, New Mexico, and its operations take place in New Mexico. Defendant has no offices or employes in Illinois.

Currently, Plaintiff is a resident of St. Clair County, Illinois, and was a resident of St. Clair County, Illinois, during the relevant times alleged in the complaint. In May 2020, Plaintiff invested with Defendant after various discussions with Michael Board and Andy Lim, who were the Chief Operating Officer ("COO") and Chief Executive Officer ("CEO") respectively of Defendant. (Doc. 17-5, p. 1). In 2020, Plaintiff made three loans totaling $1,000,000.00 to Defendant. (Doc. 7-1, 7-2, 7-3; Doc. 17-1, 17-2, 17-3). Similarly, in May 2020, Plaintiff's father and an Illinois resident, James Auffenberg, Jr., made a loan to Defendant totaling $1,000,000.00. (Doc. 17-7, p. 1, 3-13). In February 2023, Plaintiff loaned Defendant an additional $325,000. (Doc. 7-4; Doc. 17-4). Plaintiff made demand for repayment of the matured notes by May 26, 2023, and Defendant failed to make any repayments. (Doc. 17-5).

Mr. Lim declared that the notes were negotiated and executed over the phone in Defendant's offices in Albuquerque, New Mexico. (Doc. 14, p. 9). Mr. Lim also declared that he emailed instructions to Plaintiff for wiring the principal amount for each note to Defendant's bank in New Mexico and that the notes were paid to Defendant via wire transfer to Defendant's bank in New Mexico. *Id.*

During the time of the investments, Mr. Board and Mr. Lim were aware that Plaintiff and his father lived and worked in St. Clair County, Illinois. (Doc. 17-5, p. 2; Doc. 17-6, p. 1; Doc. 17-7, p. 1). Plaintiff corresponded with Defendant's agents via email in Illinois and routinely spoke on the telephone with Mr. Board while in Illinois. (Doc. 17-5). Plaintiff and his father signed the notes in Illinois via Docusign. (Doc. 17-5, p. 2; Doc. 17-7, p. 2). Plaintiff never traveled to New Mexico between 2000 and the present. (Doc. 17-5, p. 2).

Mr. Board attested that Plaintiff and his father are the only debt holders of Defendant. Mr. Board further attested that he discovered that Mr. Lim was charging personal, family, and household expenses to the company credit card. (Doc. 17-6, p. 2). He confronted Mr. Lim and disclosed his findings to the corporate attorneys and Mr. Lim was terminated. *Id.*

## Legal Standards

A motion to dismiss under Rule 12(b)(2) challenges the Court's jurisdiction over a party. *See* Fed. R. Civ. Proc. 12(b)(2). When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). Where, as here, the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Id.* at 392–393; *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014).[1] In deciding whether a plaintiff has met the *prima facie* standard, courts are not limited to the

---

[1]     The parties have not requested an evidentiary hearing.

pleadings and may consider affidavits and other written materials. *See Patton v. Fiducial Financial Services, Inc.*, No. 1:05-cv-1481-RLY-WTL, 2006 WL 2540337, at *1 (S.D. Ind. Aug. 31, 2006). *See also Andersen v. Sportmart, Inc.*, 57 F. Supp.2d 651, 654-655 (N.D. Ind. 1999) (stating that "a court . . . may consider affidavits, interrogatories, depositions, oral testimony or any combination of the recognized methods of discovery."). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff[.]" *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

Personal jurisdiction is proper where it comports with both state law and federal constitutional principles of due process. *See uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). The Illinois long-arm statute provides that an Illinois court may exercise jurisdiction on any basis "now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT. § 5/2-209(c). The Seventh Circuit Court of Appeals has noted that there is no "operative difference" between Illinois and federal due process limits on the exercise of personal jurisdiction. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). *See also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citing *RAR, Inc., v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)); *Citadel Grp. Ltd. v. Washington Regional Medical Center*, 536 F.3d 757, 761 (7th Cir. 2008) (noting that "no case has yet emerged where due process was satisfied under the federal constitution but not under the Illinois Constitution.").

Personal jurisdiction can be divided into two types – specific and general –

depending on the "nature of the defendant's contacts with the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). Personal jurisdiction is proper if the defendant has sufficient minimum contacts with the forum state such that the defendant could "reasonably anticipate being haled into court there," and the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310 (1945) and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

"General jurisdiction is for suits neither arising out of nor related to the defendant's contacts with the State, and is permitted only where the defendant conducts continuous and systematic general business within the forum state." *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009) (citation omitted). "The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d 701 (citation omitted). "[I]solated or sporadic contacts – such as occasional visits to the forum state – are insufficient for general jurisdiction." *Id.* (citing *Burger King*, 471 U.S. at 475).

"Specific jurisdiction, meanwhile, refers to jurisdiction over a defendant in a suit arising out of or related to defendant's contacts with the forum." *GCIU-Employer Retirement Fund*, 565 F.3d at 1023 (internal quotation marks and citation omitted). It "requires that (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021). *See*

also *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) (stating that "[s]pecific jurisdiction is jurisdiction over a specific claim based on the defendant's contacts with the forum that gave rise to or are closely connected to the claim itself."). For purposes of specific jurisdiction, "[t]he relevant contacts are those that center on the relations among the defendant, the forum, and the litigation." *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014).

"Under the Illinois Constitution's due process guarantee, a court may exercise jurisdiction 'only when it is fair, just and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of defendant's acts which occur in Illinois or which affect interests located in Illinois.'" *Kostal v. Pinkus Dermatopathology Laboratory, P.C.*, 827 N.E.2d 1031, 1039 (Ill. App. Ct. 1st Dist. 2005) (citing *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990)).

Because Plaintiff does not argue that the Court has general jurisdiction, the Court limits its analysis to specific jurisdiction.

### DISCUSSION

Defendant argues that this Court lacks personal jurisdiction because its place of business is not located in Illinois and that it has not taken any acts in Illinois to perform its obligations under the convertible notes. It contends that all the transactions alleged in the complaint took place in New Mexico: the terms were negotiated in New Mexico, the notes were executed in New Mexico, and the principal amount of the note was paid in New Mexico. Defendant further argues that the mere act of entering a contract with a forum resident is not enough to establish jurisdiction. In contrast, Plaintiff argues that this action is a result of the four convertible promissory notes, not simply one note, and

that Defendant purposely availed itself in Illinois in furtherance of the four convertible promissory notes. This Court agrees with Plaintiff.

"Specific jurisdiction arises out of a defendant's suit-related contacts with a state." *Apex Physical Therapy, LLC v. Ball*, No. 3:17-cv-00119-JPG-DGW, 2017 WL 3923368, at *2 (S.D. Ill. Sept. 6, 2017). "Specific jurisdiction exists when a defendant's contacts 'directly relate to the challenged conduct or transaction' while still comporting with the aforementioned notions of 'fair play and substantial justice.'" *Hubert v. Bass Pro Outdoor World, LLC*, Case No. 15-cv-0047-MJR-SCW, 2016 WL 4132077, at *3 (S.D. Ill. Mar. 16, 2016).

The minimum contacts test set forth in *International Shoe* and its progeny suffices where an out-of-state defendant is involved, and specific jurisdiction is alleged. *See Hubert*, 2016 WL 4132077, at *3. If Defendant purposefully availed itself to the privilege of conducting business in Illinois or purposefully directed its corporate activities towards the state, and the injury alleged in the complaint arose from those forum related activities, then specific jurisdiction is demonstrated, assuming that the traditional notions of fair play and substantial justice are maintained. *Id*.

In fact, the instant case is similar to *Kalata v. Healy*, 728 N.E.2d 648 (Ill. App. Ct. 1st Dist. 2000), which the Court finds instructive as there is no real difference in the due process limits on the exercise of personal jurisdiction between Illinois and federal law. In *Kalata*, an Illinois resident filed a breach of contract, quasi-contract and fraud suit against a California resident, alleging withdrawal of funds from a California bank in violation of an oral agreement between the parties. *Id*. at 650-651. The trial court granted a motion for lack of jurisdiction, noting that the defendant was a California resident who

had not been to Illinois for many years. *Id.* at 651. The Appellate Court reversed, finding that the "defendant's telephone and mail communications to negotiate and execute the joint venture agreement with plaintiff [who lived in Illinois] satisfied the long arm statute." *Id.* at 654. The Court held that "Defendant made telephone calls to plaintiff in Illinois, mailed back documents to plaintiff in Illinois, the money was sent from Illinois, and the injury suffered by plaintiff occurred in Illinois," and that "such allegations are sufficient to satisfy the jurisdictional requirements . . . ." *Id.* at 653. It further noted "[t]he requirements of 'minimum contacts' and 'fair warning' are satisfied if defendant has 'purposefully directed' his activities at Illinois residents, reached out beyond one state to create continuing relationships with citizens of another state or purposefully derived benefits from his interstate activities." *Id.* at 655. Lastly, the Court held that "[i]n examining whether the contract arose out of contacts with Illinois, we hold defendant's alleged misappropriation of the $100,000 plaintiff gave to defendant under the assumption that these funds would go towards the purchase of real estate in California arose from defendant's contacts with plaintiff in Illinois, which occurred on a continuing basis. Although defendant did not travel to Illinois, her telephone and mail with plaintiff were sufficient contacts." *Id.*

Here, Plaintiff has outlined Defendant's contracts with the forum state at length: Defendant initiated a business relationship with Plaintiff in Illinois when it solicited multiple loans from Plaintiff, who was an Illinois resident. Further, the record reveals that Defendant also solicited a $1,000,000.00 loan from Plaintiff's father, who was also an Illinois resident. Additionally, in furtherance of the business relationship, Former COO of Defendant, Mr. Board, attested that he discussed investing with Plaintiff and that he

and Mr. Lim, the CEO, regularly discussed investment with Plaintiff via phone and email while Plaintiff was in Illinois. (Doc. 17-6). Mr. Lim also attested that he negotiated and discussed the terms with Plaintiff over the phone and that he emailed Plaintiff instructions for wiring the principal amount for the notes to Defendant's bank in New Mexico. Thus, specific jurisdiction is established, and this Court has personal jurisdiction over Defendant.

## CONCLUSION

Accordingly, the Court **DENIES** the motion to dismiss for lack of personal jurisdiction or in the alternative transfer venue to District Court of New Mexico. (Doc. 14).

**IT IS SO ORDERED.**

**DATED:   November 9, 2023.**

Digitally signed by Judge Sison
Date: 2023.11.09 10:24:11 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**