UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG & JAMES AUFFENBERG JR., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )    NO.: 3:23-cv-1887-GCS ) |
| ADDMI, INC., | ) ) |
| Defendant. | ) |

**RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

**COME NOW** Plaintiffs, by and through their attorney Jarrod P. Beasley of Kuehn, Beasley & Young, P.C., and for their Response in Opposition to Motion for Protective Order states as follows:

Defendant has filed a Motion for Protective Order arguing the deposition of Defendant's CEO is unnecessary.

"Under Rule 26(c), a court may grant a protective order only upon a showing of good cause by the moving party. The movant must articulate 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Pochat v. State Farm Mutual Auto. Ins. Co.*, 2008 WL 5192427, at *3 (D.S.D. Dec. 11, 2008) (internal citation omitted) (*quoting Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). "Such determination must also include a consideration of the

relative hardship to the non-moving party should the protective order be granted." *Gen. Dynamics Corp.*, 481 F.2d at 1212 (citation omitted).

Defendant has conveyed an offer of judgment. Plaintiff cannot accept the offer until they explore the claim fully. The reason for this need to explore the claim is the apparent inability of Defendant to pay the claim. So, essentially Defendant is offering a piece of paper with no inherent value and certainly no value approaching the millions of dollars owed to Plaintiffs. Moreover, Defendant has produced incomplete bank records and refuses to provide credit card information in response to discovery requests. Because of this, Plaintiff is entitled to explore the extent of the damages, where the money went and who authorized the expenditures. A defendant in a civil proceeding can hardly be surprised, annoyed, embarrassed, oppressed or unduly burdened when asked to sit for a deposition.

Additionally, Plaintiff's counsel has received documents from defendant and via subpoena that appear to demonstrate fraud and comingling of funds. Plaintiff's counsel has conveyed to defense counsel on a number of occasions that it might be necessary to add Andy Lim to this litigation individually due to this apparent fraud. Rather than simply move to amend the Complaint and add a party based on this information, Plaintiff is entitled to take the deposition to determine if a good faith basis exists for such an amendment.

WHEREFORE, Plaintiffs respectfully request that the Motion for Protective Order be denied.

        Respectfully Submitted,

        /s/Jarrod P. Beasley
        Jarrod P. Beasley #6274536
        Attorney for Plaintiff
        Kuehn, Beasley & Young, P.C.
        23 S. First St.
        Belleville, IL   62220
        Telephone: 618.277.7260
        Fax: 618.277.7718
        jarrodbeasley@kuehnlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024 I electronically filed the Response in Opposition to Motion for Protective Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

        /s/Erin Kelley
        Erin Kelley
        Kuehn, Beasley & Young, P.C.