UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG, and JAMES AUFFENBERG, | ) ) ) ) |
| Plaintiffs, | ) Case No. 3:23-cv-01887-GCS ) |
| vs. | ) ) |
| ADDMI, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Currently before the Court is Defendant AddMi, Inc.'s motion for protective order. (Doc. 45). Specifically, Defendant seeks to stay discovery due to its offer of judgment dated February 26, 2024, in the full amount sought by Plaintiffs on all claims. Defendant maintains that by not accepting the offer of judgment, Plaintiffs insist on continuing this litigation by seeking to depose AddMi's CEO Andy Lim which will serve no legitimate purpose and increase the cost of litigation. Plaintiffs oppose the motion arguing that they cannot accept the offer of judgment until they examine their claims fully due to the possibility of Defendant's inability to pay such a judgment. Further, Plaintiffs argue CEO Lim's deposition is necessary because Defendant has provided incomplete bank records, and it refuses to provide credit card information in response to discovery requests. (Doc. 47). Plaintiffs also assert that their counsel "has received documents from defendant and via subpoena that appear to demonstrate fraud and comingling of funds." (Doc. 47, p. 2). The Court agrees with Plaintiffs and **DENIES** the motion.

The Court has wide discretion in settling discovery disputes, determining the scope of discovery, and otherwise controlling the manner of discovery. *See, e.g.*, *Thermal Design, Inc. v. American Society of Heating, Refrigerating and Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (citation and quotations omitted). It follows that a district court has discretion in deciding when a protective order is appropriate during discovery and the degree of protection required. *See Jannx Medical Systems, Inc. v. Methodist Hospitals, Inc.*, Cause No. 2:08-CV-286-PRC, 2010 WL 4789275, at *5 (N.D. Ind. Nov. 17, 2010) (internal citation omitted). Under Rule 26(c), a court may enter a protective order for good cause shown to protect a party from annoyance, oppression, undue burden, or expense. *See SmartSignal Corp. v. Expert Microsystems, Inc.*, No. 02 C 7682, 2006 WL 1343647, at *2 (N.D. Ill. May 12, 2006) (citing FED. R. CIV. PROC. 26(c)).

Here, the Court finds that Defendant has not established good cause under Rule 26(c) that would warrant issuing a protective order staying discovery in this case. Plaintiffs have set forth valid reasons as to why discovery needs to continue in this case. In fact, it seems necessary for Plaintiffs to depose CEO Lim based on Plaintiffs' beliefs regarding the inability to pay, incomplete discovery, and the potential allegation of fraud. Accordingly, the Court **DENIES** Defendant's motion for protective order. (Doc. 45).

IT IS SO ORDERED.

DATED:   June 25, 2024.

Gilbert C Sison
Digitally signed by Gilbert C Sison
Date: 2024.06.25 13:44:20 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**