UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| MATT AUFFENBERG & JAMES AUFFENBERG JR., | ) |  |
|---|---|---|
|  | ) |  |
|  | ) | NO.: 3:23-CV-01887-GCS |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| ADDMI, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW Defendant AddMi, Inc. ("Defendant"), by and through undersigned counsel, and files its opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (the "Motion"). As written, the Motion only seeks to add Andy Lim ("Lim") as a party to the existing breach of note counts. As Lim has no contractual liability under the notes, the amendment is futile. Further, Plaintiffs have failed to attach a proposed amended complaint, as required by Local Rule 15.1. Accordingly, Plaintiffs' Motion should be denied.

**Argument**

**I.    The Motion is Futile as Written**

Plaintiffs' Amended Complaint alleges only two counts of breach of notes. Lim is not a signatory to those notes in his individual capacity and did not personally guarantee said notes. Adding Lim as an additional defendant to the existing claims would therefore be futile as a matter of law.

Federal Rule of Civil Procedure 15(a)(2) permits amendment "when justice so requires," but leave should be denied where the amendment would be futile. *Macovski v. Groupon, Inc.*, 553 F. Supp. 3d 460, 473 (N.D. Ill. 2021) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport*

1

*Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). An amendment is futile when the plaintiff "cannot state a claim." *Id.*

The notes expressly provide that they "shall be governed and construed under the laws of the State of Delaware, as applied to agreements among Delaware residents, made and to be performed entirely within the State of Delaware, without giving effect to conflicts of laws principles." Accordingly, Delaware law governs whether Plaintiffs can state a viable breach of contract claim against Lim.

Here, because Lim never signed the notes nor guaranteed their repayment, Plaintiffs cannot state a viable breach of contract claim against him. Delaware courts have consistently held that individuals or entities who are not parties to a contract cannot be held liable for obligations under that contract. In *Ruggiero v. FuturaGene, plc.,* 948 A.2d 1124, 1132 (Del. Ch. 2008), the Court of Chancery made clear that "[d]irectors of a corporation are not parties to a contract simply because the corporation is a party of a contract," and further that "officers of a corporation are not liable on corporate contracts as long as they do not purport to bind themselves individually." In *Huff Energy Fund, L.P. v. Gershen*, C.A. No. 11116-VCS, 2016 WL 5462958, at *7 (Del. Ch. Sept. 9 2016) the court emphasized that "it is a general principle of contract law that only a party to a contract may be sued for breach of that contract," and that signing a contract in a representative capacity does not create personal liability for the officer or agent. As Plaintiffs cannot state a claim against Lim under Delaware law, the proposed amendment would be futile under Fed. R. Civ. P. 15(a)(2).

## II. Plaintiffs' Motion is Procedurally Deficient under Local Rule 15.1

Plaintiffs' Motion does not comply with this Court's Local Rules. Southern District of Illinois Local Rule 15.1 requires that "[a]ny document that requires leave of the Court for filing must be filed on the docket as an exhibit to the motion requesting leave." S.D. Ill. L.R. 15.1(a).

Plaintiffs did not attach a proposed amended complaint to their motion. Without it, neither the Defendant nor the Court can determine what claims Plaintiffs intend to assert, whether those claims are legally sufficient, or what prejudice might result. The Motion is styled only as a request to "add a party," and provides no operative pleading by which Defendant can evaluate the scope of the amendment. This omission is not a mere technicality; it deprives both the Defendant and the Court of the ability to assess the propriety of the requested amendment, and it directly contravenes Local Rule 15.1. Because Plaintiffs failed to attach the required proposed pleading, their motion should be denied on procedural grounds alone.

**PRAYER FOR RELIEF**

Wherefore, Defendant AddMi, Inc., respectfully prays this Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint in its entirety and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
SUMMERS COMPTON WELLS, LLC

*/s/ Andrew R. Magdy*
Andrew R. Magdy, #60390MO
903 S. Lindbergh Blvd., Ste. 200
St. Louis, MO 63131
Ph: 314-991-4999
amagdy@summerscomptonwells.com
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG & JAMES AUFFENBERG JR., | ) ) |
| Plaintiffs, | ) NO.: 3:23-CV-1887-GCS ) ) |
| v. | ) ) |
| ADDMI, INC., | ) ) |
| Defendant. | ) ) |

## CERTIFICATE OF SERVICE

    I hereby certify that on September 3, 2025, I electronically filed (1) Defendant's Brief in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint on behalf of Defendant with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

jarrodbeasley@kuehnlawfirm.com