UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG & JAMES AUFFENBERG JR.,<br><br>          Plaintiffs,<br><br>v.<br><br>ADDMI, INC.,<br><br>          Defendant. | NO.: 3:23-CV-01887-GCS |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS'
RENEWED SECOND AMENDED MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

COMES NOW Defendant AddMi, Inc. ("Defendant"), by and through undersigned counsel, and files its opposition to Plaintiffs' Renewed Second Amended Motion for Leave to File Second Amended Complaint (the "Motion").

**Introduction**

Plaintiffs' original complaint filed June 1, 2023, alleged breach of notes by Defendant. Six months later, on November 28, 2023, Plaintiffs amended their complaint to add a second plaintiff and an additional note, while repeating the same vague allegations that Andy Lim ("Lim") misused company funds. In July 2024, Defendant filed a bankruptcy petition in the District of New Mexico, which was voluntarily dismissed by Defendant on June 24, 2025. During that case, Defendant never sought to extend the automatic stay provisions to Lim. Accordingly, Lim was never under bankruptcy protection. Following dismissal of the bankruptcy case, Plaintiffs sought leave, on July 9, 2025, to file their Second Amended Complaint. That motion was opposed by Defendant. In response to Defendant's opposition, Plaintiffs filed their First Amended Motion for Leave on September 3, 2025, which this Court denied for failure to comply with Local Rule 15.1(a). Two

1

days later, Plaintiffs filed their Second Amended Motion for Leave and circulated their proposed Second Amended Complaint via e-mail whereby Plaintiffs sought to add Lim as a defendant and to assert three new counts: common law fraud against Defendant and Lim ("Counts III and IV"), and an alter ego theory against Lim (Count V). On September 18, 2025, Defendant filed its Response in Opposition to Plaintiffs' Second Amended Motion for Leave, arguing that Plaintiffs' proposed amendments, as circulated, were futile as Counts III and IV failed to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), and Count V was not a cognizable cause of action under Delaware law. On September 29, 2025, this Court entered its Order denying Plaintiffs' Second Amended Motion for Leave for Plaintiffs' failure to comply with Local Rule 15.1(a). This Court further granted Plaintiffs leave to refile but directed Plaintiffs that the renewed motion *and* proposed Second Amended Complaint "shall comport with the Federal Rules of Civil Procedure *and* the Local Rules" (emphasis added).

On September 30, 2025, Plaintiffs filed their Motion. Despite having read Defendant's opposition to Plaintiffs' Second Amended Motion for Leave and the language from the Court denying Plaintiffs' Second Amended Motion for Leave, Plaintiffs' have made no substantive changes to their Proposed Second Amended Complaint. As such, the proposed amendments remain futile. Counts III and IV still fail to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), and Count V remains a non-cognizable cause of action under Delaware law. Because these claims cannot survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' Motion should be denied.

**Argument**

    **The Motion is Futile as Written**

Federal Rule of Civil Procedure 15(a)(2) permits amendment "when justice so requires," but leave should be denied where the amendment would be futile. *Macovski v. Groupon, Inc.*, 553

F. Supp. 3d 460, 473 (N.D. Ill. 2021) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). An amendment is futile when the plaintiff "cannot state a claim." *Id.*

### A. Counts III and IV – Fraud

Fraud claims are subject to the heightened pleading requirements of Rule 9(b), which provides that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The purpose of this rule is to minimize the risk of baseless claims, protect defendants from reputational harm, and ensure that serious allegations of fraud are grounded in facts rather than speculation. As the Seventh Circuit has explained, charges of fraud "can do great harm to the reputation of a business or other enterprise (or individual), . . . ." *Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999). The particularity requirement is designed to ensure that fraud allegations rest on concrete facts rather than conclusory assertions.

The Seventh Circuit has likened Rule 9(b) to the first paragraph of a newspaper article. Plaintiffs must allege the "who, what, when, where, and how" of alleged fraud. *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990). More recently, the court explained that fraud claims must be pleaded with both "precision and some measure of substantiation" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 441-42 (7th Cir. 2011). See also *United States ex rel Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839-40 (7th Cir. 2018) (fraud allegations must "inject precision and some measure of substantiation into their allegations of fraud.")

Plaintiffs' proposed Counts III and IV fall short of these standards. It is not even clear what theory of fraud they seek to pursue. The allegations are vague and generalized, leaving both

Defendant and the Court to guess at the governing theory. Such ambiguity is the opposite of the particularity Rule 9(b) requires.

Compounding the problem, Plaintiffs cite no binding authority for the elements of fraud. Their only source is a generic Illinois legal encyclopedia which does nothing to explain how their allegations could satisfy the proper controlling standard. Reliance on such a secondary, non-binding source underscores the absence of any coherent legal basis for Counts III and IV.

Additionally, Plaintiffs attempt to sweep all five promissory notes into a single fraud count. Yet their factual allegations mention only two notes: a $65,000.00 transfer tied to the February 2023 note and a $100,000.00 transfer tied to a 2022 note. They plead nothing at all with respect to the three earlier notes. Rule 9(b) requires transaction-specific particularity; it does not permit plaintiffs to extrapolate a global fraud theory from isolated references. Attempting to lump together all five notes without identifying misrepresentation for each is precisely the kind of overbreadth Rule 9(b) forbids. *See Sears v. Likens,* 912 F.2d 889, 893 (7th Cir. 1990) (rejecting fraud allegations that failed to identify specific misrepresentations for each transaction).

This ambiguity, coupled with the absence of the "who, what, when, where, and how" required under Seventh Circuit precedent, renders Counts III and IV insufficient as a matter of law. Courts in this Circuit routinely deny leave to amend where proposed fraud claims suffer from these defects. *See Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869-70 (7th Cir. 2013) (upholding denial of leave where proposed fraud claim lacked Rule 9(b) particularity); *In re Oien*, 404 B.R. 311, 322 (Bankr. N.D. Ill 2009).

Because Plaintiffs' proposed fraud counts fail to allege a coherent theory, fail to tie any misrepresentation to any note, and fail to plead with the specificity Rule 9(b) demands, Counts III

and IV would not survive a Rule 12(b)(6) motion. Their inclusion is therefore futile, and Plaintiffs' Motion should be denied.

### B. Count V – Alter Ego

Plaintiffs' proposed Count V rests on the assertion that Defendant is a "nullity" because its charter became void for nonpayment of Delaware franchise taxes, and that Lim therefore acted as the alter ego of a void corporation and should be personally liable for its debts. The Notes themselves, however, expressly provide that they "shall be governed and construed under the laws of the State of Delaware, as applied to agreements among Delaware residents, made and to be performed entirely within the State of Delaware, without giving effect to conflicts of law principles." Accordingly, Delaware law governs whether Plaintiffs can bring an alter ego claim against Lim.

Under Delaware law, a corporation that becomes void for nonpayment of franchise taxes is not dissolved or rendered a nullity. Instead, its powers are suspended until revival. 8 Del. C. § 312(e) expressly provides that upon revival, "all contracts, acts, matters and things made, done and performed within the scope of its certificate of incorporation . . . during the time when its certificate of incorporation was forfeited or void . . . shall be validated . . . as if the certificate of incorporation had at all times remained in full force and effect." Delaware courts have repeatedly confirmed this principle. See *Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713 (Del. 1968) (revival validates contracts executed during void period); *Wax v. Riverview Cemetery Co.,* 41 A.2d 574 (Del. 1945) (corporation whose charter is void for nonpayment of taxes is not "dead" but merely had its powers suspended). Indeed, necessary actions have taken place and Defendant's corporate status has been revived. Defendant has obtained a Certificate of Good Standing from the

Delaware Secretary of State, and said certificate confirms that Defendant is in good standing under Delaware law. A copy of the Certificate of Good Standing is attached hereto as "Exhibit A".

Plaintiffs' allegation that a void corporation is a "nullity" is therefore contrary to Delaware statute and precedent. As void corporations may be revived nunc pro tunc, and revival retroactively validates corporate acts, Plaintiffs cannot establish that Defendant's void status destroys the corporate shield or renders Lim personally liable for corporate debts.

Even apart from this error, Plaintiffs' Count V fails because "alter ego" is not a standalone cause of action under Delaware law, but an equitable remedy used sparingly to disregard the corporate form in cases of fraud or injustice. See *Wallace ex rel. Cencom Cable Income Partners II, Inc. L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999) ("[P]ersuading a Delware court to disregard the corporate entity is a difficult task."). To justify veil piercing, plaintiffs must allege facts such as undercapitalization, disregard of corporate formalities, or that the corporation existed solely as a sham vehicle for fraud. See *Geyer v. Ingersoll Publ'ns Co.*, 621 A.2d 784 (Del. Ch. 1992). Plaintiffs allege none of these things. Their sole basis for invoking alter ego liability is the corporation's temporary void status, which Delaware law expressly allows to be cured nunc pro tunc.

Accordingly, Count V is legally defective on its face. Plaintiffs misstate Delaware law and fail to allege any factual basis and attempt to assert a non-cognizable cause of action. Count V would not withstand a Rule 12(b)(6) motion and is therefore futile.

### C. Repeated Failures to Cure, Undue Delay, and Prejudice

In addition to the futility of Plaintiffs' Motion, leave should be denied based on Plaintiffs' repeated failures to cure deficiencies, undue delay, and prejudice to Defendant. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave may be denied for "undue delay, bad faith or dilatory

motive," "repeated failure to cure deficiencies," "undue prejudice," or "futility"). Plaintiffs previously amended their complaint to add additional parties and counts. Now, more than two years after the initial complaint was filed, Plaintiffs seek to add Lim as a party and assert new claims that were hinted at in their original complaint. Plaintiffs' Motion is their fourth attempt at gaining leave from this Court to file a second amended complaint, and the Motion still lacks the clarity and particularity the rules require. This lack of clarity and particularity is especially troubling given Plaintiffs' access to Defendant's Opposition to the Second Amended Motion for Leave and this Court's Order denying the same. Allowing yet another amendment here would compound delay, expand costs, and prejudice Defendant, which has already been forced to respond to serial, defective pleadings. The Court should bring this cycle to an end and deny leave.

**PRAYER FOR RELIEF**

Wherefore, Defendant AddMi, Inc., respectfully prays this Court deny Plaintiffs' Second Amended Motion for Leave to File Second Amended Complaint in its entirety and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
SUMMERS COMPTON WELLS, LLC


*/s/ Andrew R. Magdy*
Andrew R. Magdy, #60390MO
903 S. Lindbergh Blvd., Ste. 200
St. Louis, MO 63131
Ph: 314-991-4999
amagdy@summerscomptonwells.com
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG & JAMES AUFFENBERG JR., | ) ) ) |
| Plaintiffs, | ) NO.: 3:23-CV-01887-GCS ) ) |
| v. | ) ) |
| ADDMI, INC., | ) ) |
| Defendant. | ) ) |

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on October 3, 2025, I electronically filed (1) Defendant's Brief in Opposition to Plaintiffs' Second Amended Motion for Leave to File Second Amended Complaint on behalf of Defendant with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

jarrodbeasley@kuehnlawfirm.com