UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG & JAMES AUFFENBERG JR., )<br>)<br>)    NO.: 3:23-CV-01887-GCS<br>Plaintiffs,                    )<br>)<br>v.                                        )<br>)<br>ADDMI, INC.,                       )<br>)<br>Defendant.                       ) | |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' FOURTH MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PARTY**

COMES NOW Defendant AddMi, Inc. ("Defendant"), by and through undersigned counsel, and files its opposition to Plaintiffs' Fourth Motion for Leave to File Second Amended Complaint to Add Party (the "Motion").

**Introduction**

Plaintiffs' original complaint filed June 1, 2023, alleged breach of notes by Defendant. Six months later, on November 28, 2023, Plaintiffs amended their complaint to add a second plaintiff and an additional note, while repeating the same vague allegations that Andy Lim ("Lim") misused company funds. In July 2024, Defendant filed a bankruptcy petition in the District of New Mexico, which was voluntarily dismissed by Defendant on June 24, 2025. During that case, Defendant never sought to extend the automatic stay provisions to Lim. Accordingly, Lim was never under bankruptcy protection. Following dismissal of the bankruptcy case, Plaintiffs sought leave, on July 9, 2025, to file their Second Amended Complaint. That motion was opposed by Defendant. In response to Defendant's opposition, Plaintiffs filed their First Amended Motion for Leave on September 3, 2025, which this Court denied for failure to comply with Local Rule 15.1(a). Two days later, Plaintiffs filed their Second Amended Motion for Leave and circulated their proposed

1

Second Amended Complaint via e-mail whereby Plaintiffs sought to add Lim as a defendant and to assert three new counts: common law fraud against Defendant and Lim, and an alter ego theory against Lim. On September 18, 2025, Defendant filed its Response in Opposition to Plaintiffs' Second Amended Motion for Leave, arguing that Plaintiffs' proposed amendments, as circulated, were futile as they failed to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), and that the alter ego claim was not a cognizable cause of action under Delaware law. On September 29, 2025, this Court entered its Order denying Plaintiffs' Second Amended Motion for Leave for Plaintiffs' failure to comply with Local Rule 15.1(a). This Court further granted Plaintiffs leave to refile but directed Plaintiffs that the renewed motion *and* proposed Second Amended Complaint "shall comport with the Federal Rules of Civil Procedure *and* the Local Rules" (emphasis added).

      On September 30, 2025, Plaintiffs filed their Renewed Second Amended Motion for Leave to Amend. Despite having read Defendant's opposition to Plaintiffs' Second Amended Motion for Leave and the language from the Court denying Plaintiffs' Second Amended Motion for Leave, Plaintiffs' made no substantive changes to their Proposed Second Amended Complaint. On October 3, 2025, Defendant filed its Brief in Opposition. On November 13, 2025, this Court issued its Order denying Plaintiffs' Renewed Second Amended Motion for failure to comply with the Local Rules and the Federal Rules of Civil Procedure. In the Order, this Court stated "the Court will one last time allow Plaintiffs up to and including November 24, 2025, to file a motion for leave to file an amended complaint that comports with the Local Rules of this Court and the Federal Rules of Civil Procedure.

      On November 24, 2025, Plaintiffs filed their Motion and attached a copy of the Proposed Second Amended Complaint (the "Proposed Amended Complaint"). The Proposed Amended

Complaint attempts to add Lim as Defendant and asserts two additional Counts; Count III for Common Law Fraud against Defendant ("Count III") and Count IV for Common Law Fraud against Lim ("Count IV") (collectively the "Fraud Counts"). Although Plaintiffs' Motion contains additional conclusory statements and allegations, it still fails to comply with the Federal Rules of Civil Procedure and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Accordingly, Plaintiffs' Motion must be denied.

**Argument**

Fed. R. Civ. P. 15(a)(2) permits amendment "when justice so requires," but leave should be denied where the amendment would be futile. *Macovski v. Groupon, Inc.*, 553 F. Supp. 3d 460, 473 (N.D. Ill. 2021) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). An amendment is futile when the plaintiff "cannot state a claim." *Id.*

### The Motion is Futile Because the Proposed Amended Complaint would not survive a Rule 12(b)(6) Motion to Dismiss

Plaintiffs' Proposed Fraud Counts would fail under Fed. R. Civ. P. 12(b)(6) because they do not plausibly state a claim for relief. To survive dismissal, a complaint must contain enough factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Allegations must permit the Court to draw a reasonable inference that the defendant is liable; "naked assertion[s]" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts need not accept as true legal conclusions disguised as factual allegations. *Id.* at 678-79.

Here, Plaintiffs' proposed Fraud Counts consist almost entirely of these forbidden conclusions. Plaintiffs assert that Defendant and Lim "misused funds," "committed fraud," or made unspecified "misrepresentations and omissions," but they do not plead any concrete factual

3

content describing a specific statement, what was said, when it was said, why it was false at the time it was said, or how it induced Plaintiffs' investments. The scienter allegations merely assert that Defendant and/or Lim acted "intentionally," and Plaintiffs' reliance allegations assert only that Plaintiffs "justifiably relied". Under *Twombly* and *Iqbal*, such formulaic recitations are "no more than conclusions" and "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

Moreover, virtually all facts Plaintiffs plead relate to post-investment conduct, none of which constitute a misrepresentation of present fact at the time any of the five Notes was executed. Even if these allegations were accepted as true, they do not make fraud "plausible", nor do they support any inference that Defendant or Lim made a false statement to induce the Notes. At most, Plaintiffs allege a contractual dispute, not actionable fraud. Because the Proposed Amended Complaint contains no well-pleaded factual content supporting essential element of fraud, the Fraud Counts would be dismissed under Rule 12(b)(6) and are therefore futile.

**The Motion is Futile Because the Proposed Amended Complaint Does Not Meet the Heightened Pleading Requirements of Rule 9(b)**

Fraud claims are subject to the heightened pleading requirements of Rule 9(b), which provides that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The purpose of this rule is to minimize the risk of baseless claims, protect defendants from reputational harm, and ensure that serious allegations of fraud are grounded in facts rather than speculation. As the Seventh Circuit has explained, charges of fraud "can do great harm to the reputation of a business or other enterprise (or individual), . . ." *Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999). The particularity requirement is designed to ensure that fraud allegations rest on concrete facts rather than conclusory assertions.

The Seventh Circuit has likened Rule 9(b) to the first paragraph of a newspaper article. Plaintiffs must allege the "who, what, when, where, and how" of alleged fraud. *DiLeo v. Ernst &*

4

*Young,* 901 F.2d 624, 627 (7th Cir. 1990). More recently, the court explained that fraud claims must be pleaded with both "precision and some measure of substantiation" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 441-42 (7th Cir. 2011). See also *United States ex rel Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839-40 (7th Cir. 2018) (fraud allegations must "inject precision and some measure of substantiation into their allegations of fraud.")

Plaintiffs' Fraud Counts fall far short of these standards. Although Plaintiffs now restyle their allegations as "common law fraud," they do not identify which state's common law governs their claim. The omission is not academic: the elements of fraud vary substantially among jurisdictions, particularly with respect to reliance, scienter, omissions, and whether promises of future performance may support a fraud theory.

Without identifying the governing state law or pleading the elements of any particular jurisdiction's fraud standard, Plaintiffs leave both the Defendant and the Court to guess at the contours of the claim. Such ambiguity is the opposite of the particularity Rule 9(b) requires. As the Proposed Amended Complaint fails to even articulate a cognizable legal theory, let alone plead it with the required specificity, it is facially defective and futile as a matter of law.

Even assuming, *arguendo*, that Plaintiffs have identified a governing body of law, which they have not, their proposed amendment still fails because it does not properly plead the elements of fraud under *any* jurisdiction, let alone with the particularity Rule 9(b) requires. Regardless of which state's law applies, a common law fraud claim requires, at a minimum: specific misrepresentation of a material fact; knowledge of falsity or reckless disregard; intent to induce reliance; and actual and justifiable reliance.

Plaintiffs identify no statement by Defendant or Lim, no quotation, no document, no email, no meeting, and no content of any alleged representation. Instead, Plaintiffs repeatedly assert that Defendant and/or Lim made "misrepresentations and omissions" or acted "fraudulently" without identifying what was said or how it was false. Conclusory labels do not satisfy Rule 9(b). Further, fraud requires a misrepresentation of present fact, not later-occurring conduct. Nearly all allegations concern events months or years after the Notes were executed. Post-investment conduct cannot retroactively transform a contract into fraud.

Plaintiffs recite scienter in purely conclusory terms but provide no particularized facts showing Defendant or Lim knew any statement was false at time of investment. Rule 9(b) requires more than a formulaic recitation of intent. Further, Plaintiffs' reliance allegations consist entirely of the bare assertion that they "justifiably relied." They do not plead what they reviewed, what they believed, or how the alleged statement caused them to enter any of the five separate Notes. Such threadbare allegations fail under every state's common law fraud framework.

Additionally, Plaintiffs attempt to sweep all five promissory notes into a single fraud count. Rule 9(b) requires transaction-specific particularity; it does not permit plaintiffs to extrapolate a global fraud theory from isolated references. Attempting to lump together all five notes without identifying misrepresentation for each is precisely the kind of overbreadth Rule 9(b) forbids. *See Sears v. Likens,* 912 F.2d 889, 893 (7th Cir. 1990) (rejecting fraud allegations that failed to identify specific misrepresentations for each transaction).

Plaintiffs' repeated failures and ambiguities render their Fraud Counts insufficient as a matter of law. Courts in this Circuit routinely deny leave to amend where proposed fraud claims suffer from these defects. *See Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869-70 (7th Cir.

2013) (upholding denial of leave where proposed fraud claim lacked Rule 9(b) particularity); *In re Oien*, 404 B.R. 311, 322 (Bankr. N.D. Ill 2009).

Because Plaintiffs' proposed Fraud Counts fail to allege a coherent theory, fail to tie any misrepresentation to any note, and fail to plead with the specificity Rule 9(b) demands, they would not survive a Rule 12(b)(6) motion. Their inclusion is therefore futile, and Plaintiffs' Motion should be denied.

### Repeated Failures to Cure, Undue Delay, and Prejudice

In addition to the futility of Plaintiffs' Motion, leave should be denied based on Plaintiffs' repeated failures to cure deficiencies, undue delay, and prejudice to Defendant. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave may be denied for "undue delay, bad faith or dilatory motive," "repeated failure to cure deficiencies," "undue prejudice," or "futility"). Plaintiffs previously amended their complaint to add additional parties and counts. Now, more than two years after the initial complaint was filed, Plaintiffs seek to add Lim as a party and assert new claims that were hinted at in their original complaint. Plaintiffs' Motion is their fifth attempt at gaining leave from this Court to file a second amended complaint, and the Motion still lacks the clarity and particularity the rules require. This lack of clarity and particularity is especially troubling given Plaintiffs' access to Defendant's repeated opposition to the numerous attempt to obtain leave to amend, and the prior Orders from this Court. Allowing yet another amendment here would compound delay, expand costs, and prejudice Defendant, which has already been forced to respond to serial, defective pleadings. The Court should bring this cycle to an end and deny leave.

**PRAYER FOR RELIEF**

Wherefore, Defendant AddMi, Inc., respectfully prays this Court deny Plaintiffs' Fourth Motion for Leave to File Second Amended Complaint in its entirety and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
SUMMERS COMPTON WELLS, LLC


*/s/ Andrew R. Magdy*
Andrew R. Magdy, #60390MO
903 S. Lindbergh Blvd., Ste. 200
St. Louis, MO 63131
Ph: 314-991-4999
amagdy@summerscomptonwells.com
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT AUFFENBERG & JAMES AUFFENBERG JR., ) ) ) Plaintiffs, ) ) v. ) ) ADDMI, INC., ) ) Defendant. ) | NO.: 3:23-CV-01887-GCS |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 2, 2025, I electronically filed (1) Defendant's Brief in Opposition to Plaintiffs' Fourth Motion for Leave to File Second Amended Complaint on behalf of Defendant with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

jarrodbeasley@kuehnlawfirm.com