## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATT AUFFENBERG,                    )
and                                )
JAMES AUFFENBERG JR.,              )
                                   )
   Plaintiffs,                     )   Case No.  3:23-cv-01887-GCS
                                   )
vs.                                )
                                   )
ADDMI INC.,                        )
                                   )
   Defendant.                      )

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Pending before the Court is Plaintiff's fourth motion for leave to amend their complaint to add a count of common law fraud against Defendant AddMi, Inc., and to add a count of common law fraud against a new party, Andy Lim. (Doc. 82). Defendant opposes the motion, claiming Plaintiffs' motion is futile and alleging Plaintiffs' deficiencies and undue delay have harmed Defendant. (Doc. 83). For the reasons discussed below, the Court **GRANTS** the motion, finding it is proper for the proposed additional count of common law fraud against Defendant AddMi Inc., and to add defendant, Andy Lim, as a party to this case.

Plaintiffs filed their amended complaint against Defendant AddMi, Inc., a software corporation based in New Mexico and incorporated in Delaware. (Doc. 28). Plaintiffs claim AddMi, Inc., borrowed a total of $1,350,000.00 from Plaintiff Matt Auffenberg and AddMi, Inc., borrowed at total of $1,000,000.00 for Plaintiff James Auffenberg, which Defendant AddMi, Inc., has failed to pay back despite multiple demands on the corporation do so. Mr. Lim, in turn, is the former Chief Executive Officer ("CEO") of AddMi, Inc.[1] Mr. Lim allegedly used funds loaned by Plaintiffs to Defendant AddMi, Inc. for his own personal expenses. As a result, Plaintiffs seek to add Mr. Lim to these proceedings as a defendant and to add common law fraud claims against both AddMi, Inc., and Mr. Lim.

This matter was stayed from August 1, 2024, to June 26, 2025, due to Defendant AddMi, Inc.'s bankruptcy proceedings. *See* (Doc. 54, 61).

### LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) provides that courts should "freely give leave [to amend] when justice so requires." FED. R. CIV. PROC. 15(a)(2). The Rule is designed to reach a resolution on the merits, as opposed to dismissal based on technical pleading requirements. *See, e.g., Edelman v. Belco Title & Escrow, LLC,* 754 F.3d 389, 395 (7th Cir. 2014) (stating that "[t]he Federal Rules reject the approach that pleading is a

---

[1]     The corporation terminated Mr. Lim's position at the company following discovery of Mr. Lim's use of the company credit card to pay personal expenses. (Doc. 17-6).

game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). *See also Parrish v. United States*, 145 S. Ct. 1664, 1672 (2025) (noting that "mere technicalities" not a basis for avoiding decisions on the merits) (citations omitted). Complaints are "free to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).

The decision to grant leave to amend lies within the Court's discretion. *See Chatham v. Davis,* 839 F.3d 679, 686 (7th Cir. 2016); *Knowlton v. City of Wauwatosa,* 119 F.4th 507, 520 (7th Cir. 2024). Leave may be denied for reasons such as undue delay, bad faith, repeated failure to cure deficiencies, or undue prejudice. *See Chicago Joe's Tea Room, LLC v. Village of Broadview,* 94 F.4th 588, 607 (7th Cir. 2024); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015); *see also Knapp v. Whitaker,* 757 F.2d 827, 849 (7th Cir. 1985). A court may also deny leave to amend if the proposed amendment would be futile, meaning it is certain that a plaintiff cannot state a claim. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015); s*ee also Anderson v. United Airlines, Inc.,* 140 F.4th 385, 388 (7th Cir. 2025).

## DISCUSSION

Plaintiffs wish to add Mr. Lim as a defendant to this case because "the money loaned by Plaintiffs was used to pay Andy Lim's personal loans, repayment to Andy Lim

Page **3** of **6**

for alleged previous loans, and payment of the company credit card which was largely used by Andy Lim for his personal expenses." (Doc. 82). Plaintiffs claim that Mr. Lim's use of their loaned funds makes him necessary for the resolution of this case. They note that the Federal Rules promulgate an "intentionally liberal" standard when an amendment to a complaint is requested. Rule 15(a), as noted above, echoes this. Therefore, because the law favors allowing amendments such as this one, Plaintiffs should be allowed to amend their complaint and add Mr. Lim as a defendant.

Defendant AddMi, Inc. responds by claiming that the futility of Plaintiff's fraud claims renders the addition of Mr. Lim to the proceedings pointless. Fraud claims, Defendant notes, are subject to the heightened pleading requirement of Rule 9(b), which says "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. PROC. 9(b). As Plaintiffs failed to accomplish this baseline requirement, Defendant argues, their claims will fail regardless. Therefore, Defendant believes adding Mr. Lim as an additional defendant is wholly unnecessary.

The Court finds that allowing the amendment at this stage will not result in undue prejudice to Defendant Addmi, Inc., or unduly delay the litigation. Although this matter has been pending for some time, this matter was stayed during the pendency of Defendant Addmi, Inc.'s bankruptcy proceedings. The addition of Mr. Lim and the assertion of the common law fraud claims are not so troublesome to outweigh the liberal amendment standard. In fact, Mr. Lim has been referenced throughout the factual

narrative of Plaintiffs' allegations (Plaintiffs allege that Mr. Lim personally directed or engaged in conduct relevant to the promissory notes at issue), and his inclusion does not fundamentally alter the nature of this case. Further, Plaintiffs contend that the discovery of the related fraud claims became apparent during the bankruptcy proceedings in Mr. Lim's deposition and that this information was not available to them at the time of the filing of the amended complaint.

Lastly, as to Defendant's futility arguments, the Court finds these arguments better addressed through a properly filed Federal Rule of Civil Procedure 12(b)(6) motion. Courts routinely decline to resolve these merits issues at the amendment stage, whereas in the case at bar, Plaintiffs have expanded upon prior allegations and added additional factual details regarding the common law fraud claims. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Bentley v. Arizona Department of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7, 2018) (collecting cases); *see also Carteaux v. Town of Rome City*, Case No. 1:22-cv-00445-HAB-SLC, 2023 WL 2366964, at *2 (N.D. Ind. Mar. 6, 2023). The Court finds that AddMi, Inc.'s arguments on the sufficiency of the additional claims/named defendant, "even if merited, remain better left for full briefing on a [dispositive motion]." *Id.* at *2 (collecting cases). *See also Chen v. Yellen*, Case No. 3:20-cv-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) (stating that "courts around the country have found that futility

arguments made in opposition to the filing of an amended [complaint] are often better suited for consideration in the context of a motion to dismiss . . . .”). “Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend . . . .” *Runnion*, 786 F.3d at 519-520. (citation omitted). “It is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions.” *Chen*, 2021 WL 5005373, at *3 (quotations and citations omitted). Thus, the Court declines to review this matter as to futility and leaves those arguments for a dispositive motion.

CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's fourth motion for leave to file second amended complaint. (Doc. 82). The Court **DIRECTS** Plaintiff to file the Second Amended Complaint *instanter*. Further, the Court **EXTENDS** the discovery deadline to **August 7, 2026**, the mediation deadline to **August 21, 2026**, and the dispositive motion deadline to **September 8, 2026**.

**IT IS SO ORDERED**.

**DATED:  May 21, 2026.**

Digitally signed by
Judge Sison
Date: 2026.05.21
15:26:32 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

Page **6** of **6**